UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ERIC L ELLIS                                  CIVIL ACTION NO. 21-cv-3856

VERSUS                                        CHIEF JUDGE HICKS

FISHER RAY NIXON, ET AL                       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Eric Ellis ("Plaintiff"), who is self-represented, filed this civil rights action against the Police Department of Bossier City and two Bossier City police officers. Plaintiff will first need to serve his complaint on the defendants. Service may be accomplished by delivering the summons, which will be issued by the Clerk of Court, and a copy of the complaint to each defendant or other person authorized to receive service. The person who delivers service must be 18 or older and not a party to the case. Other rules regarding service are set forth in Federal Rule of Civil Procedure 4. Plaintiff must complete service and file evidence of service within 90 days of the filing of his complaint, which will be **January 31, 2022**. Failure to do so may result in dismissal of this civil action.

If Plaintiff succeeds in serving the defendants, the court will set deadlines for conducting discovery and the filing of motions. If the case survives that process, the court will set a trial date and related deadlines. Plaintiff, although he is self-represented, will be obligated to follow the court's orders and the applicable procedural rules. Neither the judge's staff nor the Clerk of Court may give him legal advice.

Plaintiff must keep the court informed of a current address. If Plaintiff should have a change in address, Plaintiff must notify the Clerk of Court in writing. If mail is issued to Plaintiff and it is returned for an insufficient address, that may lead to dismissal of this case. If at any time Plaintiff does not wish to pursue this case, Plaintiff may communicate that to the court in writing, and the case will be dismissed.

Plaintiff has named as a defendant the Bossier City Police Department. The capacity of an entity to be sued is determined by the law of the state in which the district court is held. F.R.C.P. 17(b). For a plaintiff to be able to sue a city department, the department must enjoy a separate legal existence. The true political entity, in this case the City of Bossier City, must have taken explicit steps to grant the servient agency with authority to engage in litigation. Darby v. Pasadena Police Dept., 939 F.2d 311, 313 (5th Cir. 1991).

It has been held that the Bossier City Police Department lacks such authority and is not a proper defendant that may be sued in federal court. See Johnson v. Bossier City Police Dep't, 2009 WL 2461520, *3 (W.D. La. 2009) ("the Bossier City Police Department is not a separate legal entity from the City of Bossier and does not have the capacity to be sued"); Martin v. Davis, 2007 WL 763653 (E.D. La. 2007) ("Under Louisiana law, police departments are not juridical entities capable of suing or being sued."); and Hicks v. Page, 2010 WL 2243584, *2 (W.D. La. 2010) ("Shreveport Police Department is not a legal entity that can be sued). Plaintiff is alerted to this and may wish to file an amended complaint to drop the police department or substitute another proper defendant. If he is going to file such an amendment, he should do so prior to making service so that he can serve the complaint as amended.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 15th day of November, 2021.

_____
Mark L. Hornsby
U.S. Magistrate Judge