UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ERIC ELLIS | CIVIL ACTION NO. 21-3856 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| FISHER RAY NIXON, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss filed by the City of Bossier City ("the City") (Record Document 11). Plaintiff Eric Ellis ("Ellis") has opposed the motion. See Record Document 13. The City replied. See Record Document 14. Ellis subsequently filed a supplemental opposition to the motion. See Record Document 15. For the following reasons, the Motion to Dismiss is **GRANTED** and Ellis's claims against the City are **DISMISSED WITH PREJUDICE**.

**FACTUAL AND PROCEDURAL BACKGROUND**

This action stems from the repossession of Ellis's vehicle on January 30, 2021. See Record Document 8 at ¶¶ 6-7. Ellis claims that Bossier City police officers assisted in repossessing his vehicle, asked him about his finances, ordered him to exit his vehicle, and remained on his properly until his vehicle had been repossessed. See id. In November 2021, Ellis filed this action, alleging that this encounter violated his Fourth and Fifth Amendment rights. See Record Document 11-1 at 1. See also Record Document 1. Ellis then filed an Amended Complaint, in which he named the City as the only defendant. See Record Document 8 at ¶ 3. While Ellis's exact claims against the City are unclear in the Amended Complaint, Ellis seems to suggest that the City is vicariously liable for the

acts of its police officers under 28 U.S.C. § 1983. The City filed the instant motion to dismiss based on the Amended Complaint.

## LAW AND ANALYSIS

I. **Legal Standards**

   a. **Rule 12(b)(6) Motion to Dismiss**

According to Federal Rule of Civil Procedure 8(a)(2), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to this rule, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556, U.S. 662, 678, 129 S. Ct. 1937 (2009) (citing Twombly, 550 U.S. at 556). Factual allegations are required and must sufficiently raise the entitlement to relief above the level of mere speculation. See Twombly, 550 U.S. at 555.

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal when the pleading fails to state a claim upon which relief may be granted. "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Twombly, 550 U.S. at 555).

### b. Municipal Liability Under § 1983

To establish municipal liability under section 1983, a plaintiff must show the deprivation of a federally protected right caused by action taken "pursuant to an official municipal policy." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018 (1978). It is well established that a city is not liable under section 1983 on the theory of vicarious liability. See id. at 691. Under Monell, a municipality may be liable only if its official policy or custom is the "moving force" behind the plaintiff's alleged constitutional right violation. See Rivera v. Houston Indep. Sch. Dist., 349 F.3d 244, 247 (5th Cir. 2003) (citations omitted).

To succeed on a Monell claim against a local government entity, a plaintiff must establish three elements: (1) an official policy or custom; (2) of which a policy maker can be charged with actual or constructive knowledge; and (3) a constitutional violation whose moving force is that policy or custom. See Valle v. City of Houston, 613 F.3d 536, 541-42 (5th Cir. 2010). Proving these elements is "necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

Under the first prong, "the existence of a policy can be shown through evidence of an actual policy, regulation, or decision that is officially adopted and promulgated by lawmakers or others with policymaking authority." Valle, 613 F.3d at 542 (citing Burge v. St. Tammany Parish, 336 F.3d 363, 369 (5th Cir. 2003)). Alternatively, a plaintiff can meet the first prong by alleging a "persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so

common and well settled as to constitute a custom that fairly represents municipal policy." Webster v. City of Houston, 735 F.2d 838, 841 (5th Cir. 1984).

To meet the second prong, "actual or constructive knowledge of a custom must be attributable to the governing body of the municipality or to an official to whom that body has delegated policy-making authority." Valle, 613 F.3d at 542 (quoting Webster, 735 F.2d at 842) (internal quotations omitted). "Municipal liability only attaches where the decisionmaker possesses final authority to establish municipal policy with respect to the action ordered." Pembaur v. City of Cincinnati, 475 U.S. 469, 481, 106 S. Ct. 1292, 1299 (1986).

Finally, the third prong of a Monell claim requires that the policy or custom be the "moving force" behind the constitutional violation. See Valle, 613 F.3d at 542. In other words, the plaintiff must show that the policy or custom "was a cause in fact of the deprivation of rights inflicted." Spiller v. City of Texas City, Police Dep't, 130 F.3d 162, 167 (5th Cir. 1997). "The description of a policy or custom and its relationship to the underlying constitutional violation, moreover, cannot be conclusory; it must contain specific facts." Id.

## II.   Analysis

The City seeks dismissal on the grounds that Ellis fails to validly state a claim for municipal liability under Monell. The City argues that Ellis has not pleaded facts showing that Bossier City had a policy or custom in effect that was the moving force driving a constitutional violation. See Record Document 11-1 at 3. Ellis counters this argument by advocating that the City should have instead moved for a more definite statement under Rule 12(e). See Record Document 13 at 2. However, as the City pointed out in its Motion,

at the time the motion was filed, Ellis had already amended his complaint once in this suit. See Record Document 11-1 at 6.

The Court finds that Ellis has failed to state a claim upon which relief may be granted against the City. The Fifth Circuit has clearly stated that the Twombly pleading standard applies to municipal liability claims. See Ratliff v. Aransas Cnty., Texas, 948 F.3d 281, 284 (5th Cir. 2020) (citing Peña v. City of Rio Grande City, 879 F.3d 613, 621-22 (5th Cir. 2018); Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys, 675 F.3d 866 n.10 (5th Cir. 2012) (en banc)). Ellis's factual allegations do not meet the requirements to allege municipal liability under Monell.

Nowhere in the Amended Complaint does Ellis allege the existence of any offending policy or custom promulgated by the City. As stated, the first prong of a Monell claim requires proof of an official policy. Moreover, Ellis does not allege any custom or widespread practice of city officials such that it would represent municipal policy. Indeed, the Amended Complaint makes clear that Ellis is aggrieved about the repossession of his car. However, this singular act, as alleged in the complaint, cannot prove the existence of a custom. See Rodriguez v. Avita, 871 F.2d 552, 554 (5th Cir. 1989) ("municipal liability [cannot], as a matter of law, be derived from a single incident...").

Ellis's claim for municipal liability also fails on the second prong of Monell. In his complaint, Ellis did not identify a policymaker or plead any facts showing that policymaker knew of or implemented the alleged policy at issue.

Finally, Ellis failed to plead facts sufficient to meet the third prong of his Monell claim. Ellis did not allege that a harmful policy was the moving force behind his constitutional violation. Stated another way, Ellis never alleged any facts demonstrating

5

that the City's policy (if any exists) caused his rights to be violated. Ellis has merely made conclusory statements which, without more, do not state a claim upon which relief can be granted against the City. As such, Ellis's claims against the City must be dismissed.

## CONCLUSION

For the reasons set forth above, the City's Motion to Dismiss for Failure to State a Claim is **GRANTED**. Ellis's claims against the City are **DISMISSED WITH PREJUDICE.**

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 28th day of September, 2022.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT