UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ERIC ELLIS | CIVIL ACTION NO. 21-3856 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| FISHER RAY NIXON, ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss filed by the Defendants Bossier City Police Officers Fisher Ray Nixon and Lorenza Dewayne Levy, Jr. (collectively "Officers Nixon and Levy" or "Defendants") (Record Document 27). Plaintiff Eric Ellis ("Ellis") has opposed the motion. See Record Document 29. Defendants replied. See Record Document 30. Ellis subsequently filed a supplemental opposition to the motion. See Record Document 32. For the following reasons, the Motion to Dismiss is **GRANTED** and Ellis's claims against Officers Nixon and Levy are **DISMISSED WITH PREJUDICE**.

**FACTUAL AND PROCEDURAL BACKGROUND**

This action stems from the repossession of Ellis's vehicle on January 30, 2021. See Record Document 8 at ¶¶ 6-7. Ellis claims that Officers Nixon and Levy assisted in repossessing his vehicle, asked him about his finances, ordered him to exit his vehicle, and remained on his property until his vehicle had been repossessed. See id. On November 2, 2021, Ellis filed this action alleging that this encounter violated his Fourth and Fifth Amendment rights. See Record Document 11-1 at 1; see also Record Document 1. In his original Complaint, Ellis named as defendants Officers Nixon and Levy[1] and the Police Department of Bossier City. See Record Document 1. On November 4, 2021, a

---

[1] Officers Nixon and Levy are state actors. Therefore, Ellis is pursuing his claims against them pursuant to 42 U.S.C. § 1983.

summons was issued as to the Police Department of Bossier City and Officers Nixon and Levy. Approximately ten days later, Magistrate Judge Hornsby issued a Memorandum Order compelling Plaintiff to serve the Police Department of Bossier City and Officers Nixon and Levy by January 31, 2022. See Record Document 5. In that Order, Magistrate Judge Hornsby also explained that the Police Department of Bossier City does not have authority to engage in litigation because it is not a separate legal entity from the City of Bossier City. See id. at 2. Ellis then filed an Amended Complaint, in which he named the City of Bossier City ("the City") as the only defendant.[2] See Record Document 8 at ¶ 3.

Based on that Amended Complaint, a summons was issued as to the City of Bossier City, the Police Department of Bossier City, and Officers Nixon and Levy. See Record Document 9. The summons was returned executed as to the City of Bossier City only. See Record Document 10. Therefore, on March 17, 2022, the Clerk of Court issued a Notice of Intent to Dismiss the Police Department of Bossier City and Officers Nixon and Levy for failure to effect service within 90 days. See Record Document 19. After Plaintiff still did not file evidence of service, the Clerk of Court then issued an Order of Dismissal as to the Police Department of Bossier City and Officers Nixon and Levy for failure to effect service.[3] See Record Document 21.

After the Order of Dismissal was issued, Ellis then moved to reinstate his Fourth and Fifth Amendment claims against Officers Nixon and Levy by filing what he styled as "Plaintiff's Original Complaint" on April 11, 2022. See Record Document 22. The Court

---

[2] The City filed a Motion to Dismiss based on the Amended Complaint, which this Court granted. See Record Documents 34 and 35. Thus, Officers Nixon and Levy are the only remaining defendants in this matter.
[3] This Order of Dismissal was issued on April 1, 2022.

Page **2** of **10**

treated this as a motion to reinstate the claims against those two defendants.[4] See Record Document 23. Magistrate Judge Hornsby provisionally granted the motion if Plaintiff filed evidence of valid serve by May 6, 2022. See id.  Plaintiff then filed a motion to extend time to effect service wherein Ellis requested and was granted an additional twenty-five days to serve Officers Nixon and Levy. See Record Document 24; see also Record Document 25 (granting the motion for extension). Ellis effected service on Officers Nixon and Levy on May 11, 2022. See Record Document 26. Officers Nixon and Levy do not contest the validity of this service. See Record Document 27-1 at 2, n. 11. Officers Nixon and Levy then filed the instant motion to dismiss.

## LAW AND ANALYSIS

### I.     Rule 12(b)(6) Motion to Dismiss Standard

According to Federal Rule of Civil Procedure 8(a)(2), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Pursuant to this rule, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556, U.S. 662, 678, 129 S. Ct. 1937 (2009) (citing Twombly, 550 U.S. at 556). Factual allegations are required and must sufficiently raise the entitlement to relief above the level of mere speculation. See Twombly, 550 U.S. at 555.

---

[4] The Court did not reinstate the claims against the Police Department of Bossier City because the police department is not a separate entity that may be sued. See Record Document 23.

Federal Rule of Civil Procedure 12(b)(6) allows a party to seek dismissal when the pleading fails to state a claim upon which relief may be granted. "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (quoting Twombly, 550 U.S. at 555).

II.     Analysis

Ellis alleges Officers Nixon and Levy violated his Fourth and Fifth Amendment rights. Defendants, in their motion, argue that the Fourth Amendment claims are prescribed and the Fifth Amendment claims fail to state a ground upon which relief may be granted; thus, each of Ellis's claims should be dismissed with prejudice. Each of these arguments will be addressed in turn.

### a. Ellis's Fourth Amendment Claims

Defendants argue that Ellis's Fourth Amendment claims should be dismissed because the claims are prescribed. See Record Document 27-1 at 3. Ellis argues that the prescriptive period of one year is not enough time for a *pro se* litigant to file a federal lawsuit and simultaneously asserts that his claims are not prescribed because his original Complaint was filed within the prescriptive period. See Record Document 29 at 2-3. Alternatively, Ellis relies on the doctrine of *contra non valentum* and equitable tolling as a basis for tolling prescription. See id.

The defense of prescription may be raised in a motion to dismiss brought pursuant to Rule 12(b)(6). See Tigert v. Am. Airlines Inc., 390 F. App'x 357 (5th Cir. 2010) (unpublished) (affirming dismissal of a time-barred claim under 12(b)(6)). An action is

subject to dismissal under Rule 12(b)(6) when "it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." Jones v. Alcoa, Inc., 339 F.3d 359, 366 (5th Cir. 2003).

The first issue is whether Ellis's Fourth Amendment claims are subject to a prescriptive period. While there is no federal statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, federal courts apply the forum state's general personal injury limitations period. See Wallace v. Kato, 549 U.S. 384, 387, 127 S. Ct. 1091 (2007). In Louisiana, that period is one year. See La. Civ. Code art. 3492; see also Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998). Ellis's Amended Complaint (with the reinstated claims granted in Record Document 23) raises Fourth Amendment illegal search and seizure claims against Officers Nixon and Levy. See Record Document 22. Thus, his claims are subject to a one-year prescriptive period in Louisiana. See, e.g., Anderson v. City of New Orleans, No. Civ. A. 03-3010, 2004 WL 1396325 (E.D. La. June 18, 2004) (applying a one-year prescriptive period to illegal seizure claims).

Although federal courts apply state prescriptive periods, they look to federal law to determine when a civil rights action accrues. See Rader v. Coward, 543 F. App'x 358, 361 (5th Cir. 2013) (citing Harris v. Hegmann, 198 F.3d 153, 156-57 (5th Cir. 1999)). The accrual date of a Section 1983 action is governed by federal law, which dictates that a Section 1983 claim accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action. See Colomb v. Grayson, No. Civ. A. 07-2171, 2012 WL 4194501 at *3 (W.D. La. Sept. 18, 2012). Thus, Ellis's cause of action accrued on the date of the repossession, January 30, 2021, and prescription began to run on that date.

Since Ellis's Fourth Amendment claims are subject to a one-year prescriptive period, the question becomes whether those claims have prescribed. Defendants admit that Ellis filed suit within the one-year prescriptive period.[5] See Record Document 30 at 1. The critical issue, then, is whether Ellis's failure to timely serve Offices Nixon and Levy interrupted prescription as to his claims against those defendants. The Court finds it did not.

In §1983 actions, "a state statute of limitations and the coordinate tolling rules are in most cases binding rules of law which a federal court is authorized to disregard only if the state law is inconsistent with the Constitution and the laws of the United States." Hawkins v. McHugh, 46 F.3d 10, 12 (5th Cir. 1995) (citing Board of Regents of University of State of N.Y. v. Tomanio, 446 U.S. 478, 484-85, 100 S. Ct. 1790 (1980)). In Hawkins, the Fifth Circuit held that a dismissal under Federal Rule of Civil Procedure 4(j) (as the predecessor to Rule 4(m)) annuls the suspension of prescription where Louisiana law provides the rules of limitations. 46 F.3d at 13. While the dismissal in the instant case was under Local Rule 41.3, the reason cited by the Clerk of Court was Ellis's failure to timely serve officers Nixon and Levy which is the same basis for dismissal as Federal Rule of Civil Procedure 4(m). Thus, the Fifth Circuit's reasoning in Hawkins applies to Ellis's case as well. This Court is bound by Louisiana's prescription and tolling rules unless those rules are inconsistent with the Constitution and the laws of the United States.[6]

---

[5] As noted earlier, Ellis timely filed suit on November 2, 2021.
[6] No party is challenging the validity of the governing statute. Statutes are presumed to be constitutional. See, e.g., Faulk v. Union Pacific R.R. Co., No. CIV. A. 07-0554, 2011 WL 777905 at *10 (W.D. La. 2011) (citing Heller v. Doe, 509 U.S. 312, 320, 113 S. Ct. 2637 (1993)).

Louisiana Revised Statute 13:5107(D)(3) governs the running of prescription as to claims against governmental employees when a court dismisses a government employee-defendant based on the plaintiff's failure to timely effect service. It provides:

> When the state, a state agency, or a political subdivision, or any officer or employee thereof, is dismissed as a party pursuant to this Section, the filing of the action, even as against other defendants, shall not interrupt or suspend the running of prescription as to the state, state agency, or political subdivision, or any officer or employee thereof; however, the effect of interruption of prescription as to other persons shall continue.

La. Rev. Stat. 13:5107(D)(3). The Fifth Circuit, in interpreting this statute, has held that dismissal for failure to timely serve in suits against a state agency prevents the interruption of prescription. See Cruz v. Louisiana ex rel. Department of Public Safety & Corrections, 528 F.3d 375, 381 (5th Cir. 2008). Further, the Fifth Circuit noted that Louisiana state courts have held that § 13:5107(D) is mandatory. See id. (citing Chinn v. Mitchell, 734 So. 2d 1263, 1265 (La. App. 1 Cir. 1999)). "[A] suit brought against an agency and later dismissed for failure to timely serve does not interrupt Louisiana's prescriptive period." See id.

Based on this, Ellis's Fourth Amendment claims are prescribed. Although Ellis timely filed suit, the Order of Dismissal (Record Document 21) issued as to Officers Nixon and Levy for failure to timely serve means that the filing of the suit did not interrupt prescription as to those claims. Therefore, by the time Ellis filed his Motion to Reinstate Claims (Record Document 22) against Officers Nixon and Levy on April 11, 2022, the claims had already prescribed. Because his claims accrued on January 30, 2021, the claims prescribed on January 30, 2022, because prescription was never interrupted as to the claims against Officers Nixon and Levy.

Ellis likewise cannot claim protection under the doctrine of *contra non valentum*. "*Contra non valentum* is a judicially created exception to prescription based on the civil doctrine of *contra non valentem agere nulla currit praescriptio*, which means that prescription does not run against a party who is unable to act." Terrebonne Parish School Bd. v. Mobil Oil Corp., 310 F.3d 870, 884 n. 39 (5th Cir. 2002) (citing Terrebonne Parish School Bd. v. Columbia Gulf Transmission, 290 F.3d 303, 320 (5th Cir.) reh'g and reh'g en banc denied, 44 F. App'x 655 (5th Cir. 2002)). Of the doctrine's four cognizable categories, only one is relevant in this case: "the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant." See id. at n. 37.

In analyzing whether *contra non valentum* should allow a plaintiff to survive Rule 12(b)(6) motions, courts generally limit their analyses to the facts that appear in the pleadings. See, e.g., Dalrymple v. United States Postal Service, No. Civ. A. 18-14237, 2020 WL 1181845 at *5 (E.D. La. Mar. 12, 2020); McDonald v. Nationwide Bldg. Servs. Inc., No. Civ. A. 17-0981, 2019 WL 4303037 at *4 (W.D. La. Aug. 25, 2019), report and recommendation adopted, 2019 WL 4281944 (W.D. La. Sept. 10, 2019)). The Rule 12(b)(6) standard requires the plaintiff to plead some facts that make the application of the doctrine plausible. See Dalrymple, 2020 WL 1181845 at *5 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009)).

After reviewing the facts contained in the pleadings, the Court finds Ellis cannot claim that his cause of action was not reasonably knowable. As Defendants point out, Ellis clearly knew he had a legally cognizable claim because he filed suit within the prescriptive period. See Record Document 30 at 2. Thus, based on Ellis's own actions,

the Court recognizes that he was not prevented from filing suit. As discussed in detail above, Ellis's claims prescribed because he failed to serve defendants, not because he failed to file his lawsuit timely. Therefore, the Court finds that Ellis is not entitled to any claim for equitable tolling.

Based on this analysis, the Court finds that Ellis's Fourth Amendment claims against Officers Nixon and Levy are prescribed. Since prescription was neither interrupted nor tolled, the Court finds that Ellis's Fourth Amendment claims should be dismissed.

### b. Ellis's Fifth Amendment Claims

Defendants assert that Ellis's Fifth Amendment claims against Officers Nixon and Levy should be dismissed because these claims fail to state a ground upon which relief can be granted. See Record Document 27-1 at 5-6. Specifically, Defendants note that Ellis alleges Officers Nixon and Levy violated his Fifth Amendment rights against deprivation of liberty and property without due process of law. See id. Ellis, in opposing Defendants' motion, argues that he has no knowledge on the differences between a police officer and a federal agent, but that this does not negate the factual claims he raised. See Record Document 29 at 1.

Despite the lenient standard against which Ellis's claims are measured and the low bar presented by a Rule12(b)(6) motion, the Court agrees that Ellis has failed to state a legally cognizable claim. The Fifth Amendment only applies to the actions of the federal government. See Morin v. Caire, 77 F.3d 116, 120 (5th Cir. 1996) ("Similarly, the Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government as in the present case.") Even accepting all of Ellis's allegations as true, he has failed to allege facts to make out a Fifth Amendment violation.

The Fifth Amendment is inapplicable to the instant matter because Officers Nixon and Levy are not federal actors. Ellis cannot prevail on his argument that he does not know the difference between a police officer and a federal actor. See, e.g., Saahir v. Collins, 956 F.2d 115, 118-19 (5th Cir. 1992) (holding that neither petitioner's *pro se* status nor ignorance of the law constitute case for failing to include legal claim in lawsuit). Therefore, the Court finds Ellis has failed to state a claim under the Fifth Amendment.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (Record Document 27) is **GRANTED**. Plaintiff Eric Ellis's claims against Officers Nixon and Levy are **DISMISSED WITH PREJUDICE**.

Further, because Officers Nixon and Levy are the only remaining defendants in this case, Ellis's Motion for Summary Judgment (Record Document 16) is hereby **DENIED AS MOOT**.

A judgment consistent with the instant Memorandum Ruling will issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 1st day of March, 2023.

S. MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT JUDGE